25 So.2d 72

### CARLISLE v. STATE.

4 Div. 901.

Court of Appeals of Alabama.

Feb. 19, 1946.

C. B. Fuller, of Andalusia, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

In answer to the indictment which charged assault with intent to murder the defendant, as shown by the judgment entry, interposed his plea of "not guilty."

In briefs of able and earnest counsel for appellant it is stated: "The defense was not guilty and not guilty by reason of insanity." A court of record speaks through its judgment, and the general rule prevails that the judgment entry is, when clear in its recitals, the controlling source of information as to what pleading constituted the issues upon which the trial was had.

The indictment in this case charged that John Carlisle unlawfully, and with malice aforethought, did assault Joe Mitchell, with the intent to murder him, etc.

The evidence as to the manner of the alleged assault and its seriousness is without dispute or conflict. By several eyewitnesses it was disclosed that appellant approached the alleged injured party who was standing with his back to defendant and struck him several times with a large green stick or club, on his head and about his body, broke his ribs and wounded him severely on his head and ear, etc. Appellant's counsel in briefs states, "The assault

was without immediate provocation, * * * there is little dispute about the actual difficulty at the time and place," etc. Defendant undertook to justify his acts upon the grounds of temporary insanity caused by alleged remarks the injured party had recently made to defendant's wife. Even if such defense was available to defendant, by special plea, it would have presented a jury question, and it clearly appears the trial court committed no error in submitting the case to the jury from any aspect.

.The points of decision presented must each be held without merit. As we see it no further discussion in this case is necessary.

No error appearing in any ruling of the court upon the trial, and the record being also regular and without error, it follows that the judgment of conviction from which this appeal was taken is due to be affirmed. It is so ordered.

Affirmed.